OPINION
Appellant, Terrell Compton, appeals a decision of the Lake County Court of Common Pleas. On August 31, 1995, the grand jury indicted appellant with: one count of gross sexual imposition, in violation of R.C. 2907.05, a felony of the fourth degree; one count of aggravated robbery, in violation of R.C. 2911.11, an aggravated felony of the first degree; and one count of rape, in violation of the R.C. 2907.02, an aggravated felony of the first degree. Initially, he entered a plea of not guilty to all counts. On December 8, 1995, appellant withdrew his not guilty plea and entered an oral and written plea of guilty to the gross sexual imposition charge and to a lesser included offense of rape, i.e. sexual battery with a physical harm specification, in violation of R.C. 2907.03 and R.C.2941.143, a felony of the third degree. The state of Ohio then successfully moved to dismiss the remaining count against appellant.
In an entry dated January 29, 1996, appellant was sentenced to serve eighteen months on the gross sexual imposition charge and three to ten years on the sexual battery charge. The sentences were to run concurrently. From that entry, appellant filed an appeal with this court. We affirmed the decision of the trial court in State v. Compton
(Dec. 31, 1998), Lake App. No. 97-L-010, unreported, 1998 WL 964542.
A sexual predator classification hearing was set for May 13, 1998. Prior to the hearing, appellant filed a motion to dismiss asserting various constitutional challenges, and he filed a motion for the public payment of an expert to complete a psychiatric evaluation. Both motions were denied. A hearing was held to determine whether appellant should be adjudicated a sexual predator under R.C. 2950.09(C). At the hearing, the trial court explained that it considered the presentence report, psychiatric evaluation, and victim impact statement. The presentence report revealed that appellant forced his way into the thirteen-year-old victim's apartment and asked her to have sex, which resulted in his 1995 conviction. Appellant began feeling her breasts, and after the victim fought off the advances, appellant left. The report also disclosed that appellant followed the fourteen-year-old victim into the bathroom, pulled her pants down, and inserted his penis into her anus. The victim explained that appellant was moving his penis in and out of her anus. There was no evidence in the psychiatric evaluation of January 16, 1996, to suggest that appellant's alleged criminal behavior was related to intoxication or mental illness.
In an entry dated May 20, 1998, the trial court found by clear and convincing evidence that appellant was a sexual predator pursuant to R.C. 2950.09(C). Appellant filed the instant appeal and now assigns the following assignments of error:
 "[1.] R.C. 2950.09 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because * * * appellant's fundamental rights have been impaired.
 "[2.] R.C. 2950.09(C) is unconstitutionally vague, thus denying [appellant] due process of law.
 "[3.] R.C. 2950.09(C) is sufficiently punitive in nature to constitute cruel and unusual punishment.
 "[4.] R.C. 2950.09(C) is unconstitutional on the basis of double jeopardy.
 "[5.] The trial court committed reversible error by holding that R.C. 2950.09(C) was not violative of the Ex Post Facto clauses of the United States Constitution.
 "[6.] The trial court erred to the prejudice of [appellant] when it denied him a psychiatric evaluation.
 "[7.] The finding that [appellant] is a sexual predator was against the manifest weight of the evidence."
 In the first five assignments of error, appellant raises different challenges to the constitutionality of R.C. 2950.09. With regard to his constitutional arguments, each of them has been considered and rejected by the Supreme Court of Ohio. See State v. Williams (2000), 88 Ohio St.3d 513; State v. Cook
(1998), 83 Ohio St.3d 404.
Appellant's first assignment of error concerns the Due Process and Equal Protection Clause. Specifically, appellant contends that R.C. Chapter 2950 constitutes a denial of due process and must be held unconstitutional under strict scrutiny because it impairs one's fundamental rights to liberty and privacy. Within this assignment of error, appellant also argues that the statute denies him equal protection of the law.
Appellant's arguments regarding due process and fundamental rights have been expressly rejected by the Supreme Court of Ohio in Williams,88 Ohio St.3d at 525, where the Court held that Ohio's sexual predator laws do not improperly impinge upon an offender's natural law rights of privacy, the ability to pursue an occupation, the enjoyment of a favorable reputation, or the acquisition of property. The Williams decision also rejected the argument raised by appellant that the sexual predator laws violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Id. at 529-531. Hence, appellant's first assignment of error is without merit.
Under the second assignment of error, appellant maintains that R.C. Chapter 2950 is unconstitutionally vague as it gives the trial court virtually no guidance as to which party has the burden of proof nor how strong a showing is required for a defendant to be adjudicated a sexual predator. In Williams, the Supreme Court rejected these arguments and concluded that Chapter 2950 is not "impermissibly vague" because the statutes provide sufficient guidelines by which a trial court can decide whether the state has established, by clear and convincing evidence, that the defendant is a sexual predator. Id. at 533. The Supreme Court also made it clear that the state has the burden of proof. Id. As a result, appellant's second assignment of error is meritless.
In his third assignment of error, appellant contends that R.C. 2950.09(C) amounts to cruel and unusual punishment under the federal and state constitutions as registration requirements traditionally have been viewed as punitive in nature.
In Cook, 83 Ohio St.3d at 423, the Supreme Court of Ohio held that the registration and notification provisions of R.C. Chapter 2950 are not punitive but, rather, remedial in nature. In light of this characterization, this court has held that the prohibition against cruel and unusual punishment has no application to the sexual offender laws.State v. Nahrstedt (Dec. 29, 2000), Lake App. No. 98-L-236, unreported, 2001 WL 20549, at 1; State v. Wheeler (July 28, 2000), Lake App. No. 99-L-095, unreported, 2000 WL 1041444, at 3. Thus, appellant's third assignment of error lacks merit.
With respect to the fourth assignment of error, appellant submits that R.C. Chapter 2950 is unconstitutional on the basis that it violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Supreme Court of Ohio also rejected this argument due to its conclusion that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, thus, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. Williams, 88 Ohio St.3d at 528; see, also, Cook,83 Ohio St.3d 404 . Appellant's fourth assignment of error is not well-founded.
In his fifth assignment of error, appellant alleges that R.C. Chapter 2950 is an unconstitutional ex post facto provision and is being applied retroactively in violation of the Ohio Constitution. The Supreme Court of Ohio expressly rejected this challenge in Cook, 83 Ohio St.3d at 423, due to its conclusion that the statutory scheme served a remedial purpose and was not punitive in nature. Specifically, the Supreme Court held that R.C. Chapter 2950 is not a violation of either the Ex Post Facto Clause of the United States Constitution or the Retroactivity Clause of the Ohio Constitution. See Williams at 516. Therefore, appellant's fifth assignment of error is not well-taken.
In his sixth assignment of error, appellant argues that the trial court erred by denying him a psychiatric evaluation. The state maintains the court did not abuse its discretion in failing to appoint a psychological expert.
In State v. Eppinger (2001), 91 Ohio St.3d 158, 162, the Supreme Court held that:
 "* * * an expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)."
 As the court stated in Cook, supra, a sexual predator hearing is similar to a sentencing hearing and the classification by the court is not considered punishment. Therefore, the decision of whether psychological expert assistance must be provided at the sexual predator hearing is left to the discretion of the trial court for determination on a case by case basis.
Here, appellant filed a motion for a psychiatric expert prior to the sexual predator hearing, and the trial court denied his request. Appellant has failed to state with any specificity how the appointment of a psychological expert would have assisted the trial court in making its determination during the hearing.
In State v. Russell (Apr. 22, 1999), Cuyahoga App. No. 72796, unreported, 1999 WL 236680, at 4, citing State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported, 1998 WL 272142, the appellate court held that there was no entitlement to a psychiatric expert evaluation at the state's expense prior to a sexual predator hearing:
 "* * * an expert's conclusion is not mandated under the sexual predator statute. Consequently, R.C. 2950.09
does not mandate the appointment of an expert for an indigent. However, if need is shown then an indigent is entitled to a state expensed expert."
 In State v. Broom (1988), 40 Ohio St.3d 277, 283, the Supreme Court of Ohio, interpreting AKE v. Oklahoma
(1985), 470 U.S. 68, and Caldwell v. Mississippi
(1985), 472 U.S. 320, held that in order for an indigent to show need for an expert, there must be a showing of "`more than a mere possibility of assistance from an expert.'"
In the case at hand, appellant has not demonstrated even a "mere possibility" of assistance from an expert. Thus, it is our view that the trial court did not abuse its discretion in determining that such an expert witness was not reasonably necessary to determine whether appellant was likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E). Appellant's sixth assignment of error is overruled.
Under his final assignment of error, appellant argues that the trial court's sexual predator determination was against the manifest weight of the evidence and that the court failed to use the clear and convincing standard when determining whether appellant was a sexual predator.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must decide by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b).
In making such an analysis, the judge must consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) prior criminal record; (c) the victim's age; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, if the offender completed any sentence imposed for the prior offense, and if that offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; (i) whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
In determining whether an offender should be classified as a sexual predator, the trial court may use reliable hearsay such as a presentence investigation report or victim impact statements as the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings.Cook, 83 Ohio St.3d at 425. This court stated in State v. King (Dec. 29, 2000), Geauga App. No. 99-G-2237, unreported, 2001 WL 20720, at 3, that:
 "[t]he trial court is not required to find that a majority of the factors set forth in R.C. 2950.09(B)(2) apply to an offender before it can determine that he is a sexual predator. * * * R.C. 2950.09 does not preclude a trial court from relying on one factor more than another in its determination that an offender qualifies as a sexual predator. * * * Although not specifically mandated by the statute, if, after consideration of the relevant factors, the court determines that the defendant should be classified as a sexual predator, it should declare that the defendant `is likely to engage in the future in one or more sexually oriented offenses,' the quintessential purpose in labeling an offender a `sexual predator.' R.C. 2950.01(E)." (Citations omitted.)
 Pursuant to Eppinger, 91 Ohio St.3d at 166, the Supreme Court has stated that there are three objectives in a sexual offender classification hearing. First, the Supreme Court explained that "it is critical" that "a clear and accurate record of what evidence or testimony was considered should be preserved * * * for purposes of any potential appeal." Id. Second, an expert may be required to assist the trial court in determining if an offender is likely to engage in a sexually oriented offense in the future. Id. Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and it should discuss, on the record, the evidence and factors upon which it relies in making its determination as to the likelihood of recidivism. Id.
Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
In the case sub judice, the record includes clear and convincing evidence that several of the factors set forth in R.C. 2950.09(B)(2), which the trial court considered, apply to appellant. At the adjudication hearing, the trial court specifically found:
"* * * [Appellant's] age was 25 at that time.
 "That * * * the age of the victims and there are two separate victims, one was 13 and one was 14 at the time.
 "* * * [Appellant] in the case had a problem with drugs and alcohol though he denied that * * * either played a role in this case.
 "* * * [Appellant] had a pattern of sexual activity, in that, * * * it occurred twice with two different victims and they were both of tender years, they were not in the sense adults or in adulthood.
 "* * * [T]he manner in which the offenses were committed on the children particularly with the 14 year old was * * * cruel in that he forced himself upon her and she said that the activities that he perpetrated on her were uncomfortable and that she was frightened. And regarding the 13 year old pushing his way into her privacy and performing acts also the Court finds to have the element of cruelty.
 "Therefore, the Court finds by clear and convincing evidence that [appellant] is in fact a sexual predator."
 Additionally, in the judgment entry adjudicating appellant a sexual predator, the trial court determined that the following factors listed in R.C. 2950.09(B)(2) were relevant: the offender's age; the age of the victims of the two separate offenses; the nature of appellant's sexual misconduct and whether it was part of a demonstrated pattern of abuse; the existence of cruelty; and appellant's problem with drugs and alcohol. Hence, based on a review of the record, it is our view that the trial court did not err by classifying appellant as a sexual predator. Appellant's seventh assignment of error has no merit.
For the forgoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., NADER, J., concur.